## ROSS v. WAIT *et al.*

1.  Where, in an action against several defendants, the complaint attempts
    to state two distinct causes of action,—one against all the defendants,
    which is fatally defective; and another against only one, which is good,
    —it is error to refuse to receive evidence under the complaint on the
    ground that it does not state a cause of action.

2.  In such case the plaintiff is entitled to judgment against the defendant
    as to whom he states and proves a cause of action as though he had
    sued him alone.    Comp. Laws, § 4901.

3.  The improper union of several causes of action is waived if not made a
    ground of demurrer.    Comp. Laws, § 4913.

            (Syllabus by the court.    Opinion filed Jan. 24, 1894.)

Appeal from circuit court, Lincoln county. Hon. Frank R. Aikens, Judge.

Action upon an undertaking. There was judgment for defendants and plaintiff appeals.

The facts are fully stated in the opinion.

The arguments of counsel are the same as those in Ross v. Wait, *et al.*, 2 S. D. 638.

*Davis, Lyon & Gates,* for appellant.

*E. C. Kennedy,* for respondents.

Kellam, J. It will be difficult to make plain the precise questions presented by this appeal without reproducing the complaint. The plaintiff, who is appellant, alleges: "(1) That on or about the 22d day of October, 1889, the defendants made and entered into a certain obligation to and with the plaintiff in the words and figures following, viz.: "Whereas, the undersigned W. B. Wait did on the 29th day of September, 1888, enter into a contract with C.F. Flowers, among other things, to pay the said Flowers the sum of seven hundred (700) dollars, for a certain warehouse at Marion Junction, Turner county, Dakota, and the said Flowers has assigned his interest therein to H. W. Ross, Esq., of Sioux Falls, Dakota; and whereas, the said Ross claims there is a balance still due upon the purchase price of said warehouse, and claims to be entitled to the possession thereof until said balance shall be paid; Now, therefore, we, the undersigned, W. B. Wait as principal, and B. C. Jacobs and J. F. Ferguson, as sureties, do hereby undertake and promise that the said Wait shall pay or cause to be paid to the said Ross any and all sums that may be found to be due or owing to the said Flowers upon the contract aforesaid, and any sum that the said Wait may be adjudged to pay by reason thereof to the said H. W. Ross, not exceeding the sum of seven hundred dollars, (700,) the purchase price of said warehouse. In witness .whereof we have hereto set our hands, this 22d day of October, A. D. 1889. W. B. Wait, B. C. Jacobs, J. F. Ferguson.' (2)

That by the terms of that portion of said contract between said Wait and said Flowers referred to in the above obligation the said Wait bargained for and purchased of the said Flowers the warehouse mentioned in said obligation, and promised and agreed with said Flowers to pay him therefor the sum of seven hundred (700) dollars, the said warehouse to be delivered to said Wait (payment having been first made therefor) on or before the first day of February, 1889. (3) That said warehouse was situated at Marion Junction in (then) Dakota Territory upon leased land, and was personal property. (4) That said Wait did not pay for said warehouse according to the terms of said agreement, and the claim and amount due therefor, for certain good and valuable considerations was, in writing, assigned and transferred by said Flowers to the plaintiff, whereupon the plaintiff became, was, and still is the sole owner of said claim. (5) That afterwards, to-wit, on said 22d day of October, 1890, for the purpose of obtaining possession of said warehouse, and as a consideration therefor, the defendant Wait, together with the defendants Jacobs and Ferguson, made, executed, and delivered to the plaintiff the obligation aforesaid, and thereupon the said warehouse was delivered to the said Wait, and he became the owner, and took possession thereof. (6) That said Wait has not, nor have the other defendants, nor any one in his or their behalf, paid the sum due for said warehouse, nor any part thereof, although repeated demands upon each and all of said defendants have been made, but there is now due therefor from said Wait the full sum of seven hundred dollars, and interest from said 1st day of February, 1889. And by reason of the premises the defendants have become and are liable to the plaintiff by virtue of said obligation for said sum of seven hundred dollars and interest from said 22d day of October, 1889." The defendants answered, setting up affirmative matter in defense, which it is not necessary now to consider. Upon the trial defendants' counsel objected to the introduction of any evidence under the complaint, because it "does not state

facts sufficient to constitute a cause of action." This objection was sustained, and, no amendment to the complaint being offered, judgment was rendered against the plaintiff, and he appeals.

We are of the opinion that the complaint does not state a cause of action against the defendants in the written obligation set out in Paragraph 1, for the reason that no default is alleged or shown. By that obligation the defendants undertook, not unconditionally to pay for the warehouse, but to pay whatever should be found due Flowers "upon the contract aforesaid;" that is, upon the contract already referred to in that writing, a contract theretofore existing between Flowers and Wait; and such sum was not to exceed "the sum of seven hundred dollars, the purchase price of said warehouse." It is not shown that anything was due upon that contract. It is not alleged that defendants were in default in making any payment which they had undertaken to make, and, consequently, no cause of action is stated against them on such written obligation.

We think that Paragraphs 2 and 4 do state a cause of action against defendant Wait. They allege that he agreed to pay Flowers $700 for the warehouse, on or before the 1st day of February, 1889; that he did not do so; and that the claim was properly assigned to the plaintiff. This would constitute a cause of action against defendant Wait in favor of plaintiff. If upon the trial these facts were proved, the plaintiff in this action would be entitled to a judgment against the defendant Wait. Comp. Laws, § 4901, Subd. 3. Perhaps the complaint was demurrable on the ground of an improper union of several causes of action, to-wit, an action on the written obligation against all the defendants, and an action against Wait on his promise to pay, but the objection was waived by not demurring on that ground. It appearing to us that the complaint does state a cause of action against defendant Wait, we hold that it was error to refuse to receive evidence under it, and for that reason the judgment appealed from must be reversed.

It was urged upon the argument that if we should hold the complaint good we should go further, and express an opinion as to whether, in the cause of action based upon the writing set out in Paragraph 1 of the complaint, the defendants would be entitled to show the condition of the indebtedness between Flower and Wait on the contract referred to in said writing. The theory of the writing, the reason for making it, and its purpose would seem to be apparent on its face. It recites that Flowers had sold the warehouse to Wait for $700, to be subsequently paid; that Ross, the assignee of Flowers' interest in it, claimed that there was still a balance of the $700 unpaid. The makers of the writing then undertake to pay Ross whatever might be found to be due Flowers on the former contract, not exceeding the purchase price of the warehouse. Unaided and uninfluenced by any facts outside the writing itself, the inference would seem to be that between Ross and Wait there was a dispute as to what amount, if any, was still due on the purchase of the warehouse; that Ross claimed possession on account of an unpaid balance, and that such balance would depend upon a settlement between Flowers and Wait under their contract, which included not only the sale of the warehouse, but the handling of grain and hogs; and that whatever was still due on the warehouse after such settlement, up to the full amount of the purchase price, the defendants would pay to Ross. We make these latter suggestions rather as an intimation of our impressions than as an expression of an opinion, and we do it at the express solicitation of counsel upon argument. We cannot well go further without anticipating questions not yet fully presented. The judgment is reversed, and the cause remanded for further proceedings according to law.